CHARLES H. LOCKE v. EDWARD H. TUTTLE ET AL.

*Mailing deposition—Misstatement of venue.*

Conclusions of fact upon evidence in law cases are not reviewable.

Where a deposition was properly enclosed and directed, and in due course reached the justice to whom it was to be addressed as required by stipulation, and there was no pretense that it had

been tampered with, an objection that there was no evidence that the document had been directed and deposited in the postoffice by the commissioner who had taken it, in compliance with the stipulation, has no force, if prejudicial error in directing and mailing it is not affirmatively shown.

A wrong venue left by clerical error at the top of a deposition that otherwise fully explained itself so that the mistake could not mislead, is not ground for excluding the deposition.

Error to Wayne.    Submitted June 20.    Decided July 3.

Assumpsit.    Defendant brings error.

*Moore & Moore* for plaintiff in error.

*E. Y. Swift* and *Otto Kirchner* for defendants in error.

Graves, J.    This is a writ of error to a judgment of the circuit court affirming one rendered by a justice of the peace in favor of the defendants in error against Locke on a demand for goods sold and delivered.    There are four allegations of error, but the third and fourth relate to the conclusions of the justice in matter of fact upon the evidence, and do not present any question for decision here.

The other two relate to the admission of a deposition taken in Rochester, New York, before a commissioner for this State there residing, and under a stipulation between the parties.    This stipulation required that the commissioner, on completing the deposition, should direct it to the justice of the peace at Detroit and deposit it in the postoffice at Rochester, and it is objected that there was no evidence that the document was so directed and deposited by the commissioner.

Inasmuch as the paper seems to have reached the justice in due course and under a direction in proper form, and there is no pretense of its having been tampered with, the inference is just and reasonable that the commissioner pursued the directions of the parties in these respects.    It is not to be imagined that a certifi-

cate or affidavit by the commissioner to verify his compliance was ever contemplated. If any prejudicial error was committed in regard to the direction or mailing of the deposition it should have been shown. There is no affirmative evidence of such irregularity, and there can be no presumption of any.

The remaining objection is that on the left hand margin of the deposition, at the top, appeared the words: "State of Michigan, County of Wayne, ss.," as though the deposition had been taken in Wayne county. This was a mere clerical error. It had no force and was incapable of harm. The paper explained itself and prevented the words in question from misleading.

It was not necessary to the validity of the proceeding under the stipulation that there should be a statement of the State and county at the top as is usual in affidavits, and it appeared from the deposition and the authentications of the commissioner that they were executed, as the stipulation of the parties required, at the city of Rochester, in the county of Monroe, and State of New York, and not in Wayne county, Michigan, where there was no occasion for executing a deposition.

No errors to the detriment of plaintiff in error being made out, the judgment should be affirmed with costs.

The other Justices concurred.